492 F.2d 1381
 1974-1 Trade Cases 74,913
 Norbert A. LAING, an Individual, on behalf of himself and
all other persons, associations, firms and
corporations similarly situated, Appellant,
v.
MINNESOTA VIKINGS FOOTBALL CLUB, INC., et al., Appellees.
 No. 73-1625.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 17, 1974.
Decided Feb. 11, 1974, Rehearing and Rehearing En Banc
Denied April 3, 1974.
 
 Appeal from the United States District Court for the District of Minnesota; Earl R. Larson Judge, 372 F.Supp. 59.
 John E. Thomas, St. Paul, Minn., for appellant.
 Irving R. Brand, Minneapolis, Minn., for appellees.
 Before MEHAFFY, Chief Judge, and LAY and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The judgment below is affirmed on the basis of the district court's opinion, and on the ground that there is no anticompetitive effect. See Grossman Development Co. v. Detroit Lions, Inc., Civil Action No. 37652 (E.D.Mich. Nov. 16, 1973).
 
 
 2
 LAY, Circuit Judge (concurring).
 
 
 3
 I concur in the affirmance of the district court's judgment on the ground that plaintiff has demonstrated no anticompetitive effect flowing from the Minnesota Vikings Football Club's requirement that a season ticket holder purchase tickets to the exhibition games along with regular season games. The basis of the district court's grant of summary judgment, i.e., that there existed no 'coercive effect' since there were available some regular tickets (approximately 2,500 to 4,000) for purchase by the general public for each game gives me concern. It is difficult for me to say as a matter of law that no coercion exists. Assuming the other elements of a 'tie-in' could be proved, I would think whether coercion exists is a question of fact to be evaluated in light of all of the attendant circumstances.